Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000683
23-JAN-2019
08:01 AM

NO. CAAP-18-0000683

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CORY TEREICK,
Plaintiff-Appellee,
v.
HAWAIIAN RIVERBEND, LLC,
a Hawaii limited liability company,
Defendant-Appellant,
and
JOHN DOES 1-10; JANE DOES 1-10;
and DOE PARTNERSHIPS, CORPORATIONS,
GOVERNMENTAL UNITS OR OTHER ENTITIES 1-10,
Defendants,
and
PAUL SULLA,
Intervenor-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 14-1-429K)

ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By:  Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Upon review of the records in CAAP-18-0000683, it appears this court lacks appellate jurisdiction over the appeal. On August 29, 2018, Michael Miroyan (**Miroyan**) filed a Notice of Appeal "pro se" on behalf of Defendant-Appellant Hawaiian Riverbend, LLC (**HRL**), as its "owner". Miroyan admits he is not an attorney. HRL is a Hawaii Limited Liability Company subject

to HRS Chapter 428. "A limited liability company is a legal entity distinct from its members." HRS § 428-201 (Supp. 2004).

HRS § 605-2 (Supp. 2016) states:

> **§605-2 Attorneys; license required.** Except as provided by the rules of court, no person shall be allowed to practice in any court of the State unless that person has been duly licensed so to do by the supreme court; provided that nothing in this chapter shall prevent any person, plaintiff, defendant, or accused, from appearing in person before any court, and there prosecuting or defending that person's, plaintiff's, defendant's, or accused's own cause, without the aid of legal counsel; provided further that in the district courts sections 605-13 and 633-28 shall apply.

"The prevailing rule is that a corporation cannot appear and represent itself either in proper person or by its officers, but can do so only by an attorney admitted to practice law." Oahu Plumbing and Sheet Metal, Ltd. v. Kona Constr., Inc., 60 Haw. 372, 374, 590 P.2d 570, 572 (1979). Although "any person" may appear to prosecute or defend that person's own cause, "[t]he federal courts have consistently construed a federal statute similar to HRS § 605-2 (1976) as applying only to 'natural persons' and not to 'artificial persons' such as corporations." Id. at 376, 590 P.2d at 573 (citations omitted). The Hawai'i Supreme Court further held that "[t]he procedure requiring a corporation to appear through an attorney in no way deprives the [corporation] of its substantive right of due process." Id. at 378, 590 P.2d at 574.

As a limited liability company which is "a legal entity distinct from its members," HRL cannot be represented in this appeal by Miroyan, who is not a licensed attorney. Therefore, the notice of appeal filed by Miroyan did not constitute a timely notice of appeal on behalf of HRL. No other timely notice of appeal on behalf of HRL has been filed herein.

Therefore, IT IS HEREBY ORDERED that the appeal is dismissed for lack of appellate jurisdiction.  All pending motions are dismissed as moot.

DATED: Honolulu, Hawai'i, January 23, 2019.

Chief Judge

Associate Judge

Associate Judge